IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) GREGG ORR AUTO COLLECTION, INC. ) ) Defendant. ) ) | Civil Action No. COMPLAINT JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act (the "ADEA") to correct unlawful employment practices on the bases of disability and age and to provide appropriate relief to Charging Party William M. Dykes ("Dykes"). As alleged with greater particularity below, Defendant Gregg Orr Auto Collection, Inc. discriminated against Dykes when it terminated his employment on February 11, 2020, because of his disability and/or age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§§ 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 7(b) of the ADEA, 29 U.S.C. § 626(b),

1

which incorporates by reference Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Texarkana Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and the ADEA. The Commission is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a Texas corporation, headquartered in Texarkana, Texas, and has continuously done business in the State of Texas and Bowie County, Texas, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5) and (7), and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Dykes filed a charge with the Commission alleging violations of the ADA and ADEA by Defendant.

8. On July 19, 2023, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that the ADA and ADEA were violated and inviting Defendant to join with the Commission in conciliating the matter.

9. The Commission engaged in conciliation discussions with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant an acceptable conciliation agreement and, on August 18, 2023, the Commission issued Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant, along with affiliated companies, operates automobile, marine, and RV dealerships located in Texas, Arkansas, Florida, and Louisiana. Defendant engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. § 12112(a), and/or the ADEA, 29 U.S.C. § 623(a)(1), on or around February 11, 2020, through practices including, but not limited to, the following:

    a) Defendant created a new position in its corporate office, Vice-President of Preowned Operations, in 2012 to entice Dykes to leave his independent automotive business. Dykes accepted the position, and Defendant recognized his success with multiple significant raises in the following years.

b) Dykes reached 65 years of age in 2019. In October of that year, Dykes's doctors diagnosed him with a serious cancer. Dykes promptly informed Respondent of the diagnosis and stated that his doctors recommended surgical treatment.

c) Dykes sought and obtained a period of leave under the Family and Medical Leave Act ("FMLA") that began on December 16, 2019, and had surgery to treat his cancer on December 19, 2019. Because Defendant did not set a return-to-work date for Dykes before his leave commenced, Dykes did not know when Defendant expected him back in the office.

d) On January 13, 2020, just 28 days after his surgery, Dykes returned to the office hoping to discuss his ongoing role with Defendant's owner. Defendant's owner was not in the office that day, so Dykes proceeded to one of Defendant's dealerships and went to work reviewing and adjusting prices on Defendant's used vehicle inventory.

e) Dykes rushed back to work on January 13, 2020, despite his doctor's recommendation for several more weeks of medical leave. He did so because he had seen Defendant push workers with medical conditions or older workers out of the company in favor of younger workers or individuals needing less medical care and feared that Defendant might subject him to the same treatment.

f) Defendant maintains a self-insured health care plan for its employees. Because this arrangement makes Defendant directly responsible for its employees' medical expenses, Defendant tracks such expenses and regularly instructs its managers to control and reduce the company's healthcare expenditures.

g) In late January 2020, Dykes received a billing statement indicating that his cancer-treatment surgery and related hospital expenses had cost more than $150,000.

h) Respondent knew that Dykes's cancer treatment would generate ongoing healthcare costs. Indeed, Dykes ultimately required more than 30 radiation treatments to further treat the cancer.

i) On February 11, 2020, without any prior warning, Respondent terminated Dykes and informed him that his employment and health insurance would end, effective immediately.

j) Although Respondent told Dykes that Respondent was eliminating Dykes's position, Respondent in fact replaced Dykes with an employee in his mid-30s.

## COUNT I

### [ADA – Disparate Treatment]

13. Plaintiff incorporates and reasserts the allegations in Paragraphs 12(a)-(j) of this Complaint.

14. On or around February 11, 2020, Defendant engaged in unlawful employment practices at its Texarkana, Texas office when it terminated the employment of Dykes on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112(a), through the acts detailed in Paragraphs 12(a)-(j) above.

15. Dykes is a qualified individual with a disability, perceived disability, or record of disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), who could perform the essential functions of his position with Defendant with or without an accommodation.

16. The unlawful employment practices complained of in Paragraphs 12 through 15 above were intentional.

17. The unlawful employment practices complained of in Paragraphs 12 through 15 above were done with malice or with reckless indifference to the federally protected rights of Dykes.

18. The effect of the practices complained of in Paragraphs 12 through 15 above has been to deprive Dykes of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability.

## COUNT II

### [ADEA – Disparate Treatment]

19. Plaintiff incorporates and reasserts the allegations in Paragraphs 12(a)-(j) of this Complaint.

20. On or around February 11, 2020, Defendant engaged in unlawful employment practices at its Texarkana, Texas office in violation of the ADEA, 29 U.S.C. § 623(a)(1), through the acts detailed in Paragraphs 12(a)-(j) above.

21. Defendant discriminated against Dykes by terminating him because of his age and replacing him with a substantially younger individual.

22. The effect of the practices complained of in Paragraphs 12(a)-(j), 20, and 21 above has been to deprive Dykes of equal employment opportunities and to otherwise adversely affect his status as an employee because of his age.

23. The unlawful employment practices complained of in Paragraphs 12(a)-(j), 20, and 21 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of disability or age.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older and for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Dykes whole by providing appropriate backpay in an amount to be determined at trial, an equal sum as liquidated damages or prejudgment interest in lieu thereof, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring, front pay, and/or reinstatement.

D. Order Defendant to make Dykes whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial, including but not limited to expenses incurred due to lost insurance benefits and the value of lost sales incentives.

E. Order Defendant to make Dykes whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience in amounts to be determined at trial.

F. Order Defendant to pay Dykes punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Gwendolyn Young Reams
          Acting General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

_____
Marsha Lynn Rucker (PA 90041)
Regional Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045
marsha.rucker@eeoc.gov