IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. <br> 5:23-cv-00097-RWS |
| GREGG ORR AUTO COLLECTION, INC. <br> Defendant. | ) ) | |

## PROPOSED CONSENT DECREE

On September 25, 2023, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") filed this civil action against Defendant Gregg Orr Auto Collection, Inc. ("Defendant"), alleging Defendant has engaged in unlawful practices in violation of Title I of the Americans with Disabilities Act of 1990 (the "ADA"), Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act (the "ADEA"). In its Complaint, the Commission alleged that Defendant terminated Charging Party William M. Dykes when it terminated his employment on February 11, 2020, because of his disability and age.

Gregg Orr Auto Collection, Inc., expressly denies that it subjected any individual, including Dykes, to age or disability discrimination and/or related retaliation, denies all allegations of wrongdoing, liability, damages, and entitlement to other relief set forth in the Action whether arising under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act (the "ADEA") or analogous state laws, denies any disparate discrimination or harassment, and denies that any of their policies and procedures are inadequate. However, the Parties recognize that through this

1

Decree the Parties can avoid the expense, distraction, and further litigation associated with such a dispute and thus the Parties wish to resolve all issues through this Decree.

## I.     **RECITALS**

1.     In the interest of resolving this matter, and avoiding the expense of further litigation, the Commission and Defendant have agreed that this action shall be finally resolved by entry of this Consent Decree.

2.     The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit and agree to the power of this Court to approve this Consent Decree and enforce it as Parties.

3.     The Parties agree to entry of this Consent Decree without trial or further adjudication of the claims made by the Commission in this lawsuit, and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and to a jury trial.

4.     The Parties agree that this Consent Decree is final and binding upon Defendant, and its agents, officers, all employees, servants, successors and assigns.

5.     The Parties agree that when this Consent Decree requires Defendant to send documents, reports, information, and items to the Commission or the Regional Attorney of the Birmingham District Office, the documents, reports, information, and items shall be sent to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (1) this Court has jurisdiction over the Parties and the subject matter of this action, (ii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the Parties, and (iii) the terms of this Consent Decree constitute a fair and equitable settlement of all issues between the Parties in this lawsuit. This

2

Consent Decree, being entered with the consent of the Parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and nothing contained herein shall be taken as or construed to be an admission that Defendant violated Title I of the Americans with Disabilities Act of 1990 (the "ADA"), Title I of the Civil Rights Act of 1991, or the Age Discrimination in Employment Act (the "ADEA") or discriminated against Dykes or any of Defendant's employees in any way, all of which Defendant continues to deny, and no alleged wrongdoing, past or present, on the part of the Defendant shall be implied by this resolution.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## II.     SCOPE AND DURATION OF DECREE

1.     This Decree resolves all issues and claims arising out of EEOC Charge No. 450-2020-03320 and the Commission's Complaint in Civil Action 5:23-cv-00097. This Decree shall not be considered in any manner to be dispositive of any other matters which are or may be pending before any office of the Commission. Nothing in the Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any other charge of discrimination filed against Defendant.

2.     This Decree applies to  Defendant's facilities in Texarkana, Texas.

3.     The provisions of this decree are effective immediately upon the date that the Decree is entered by the Court (the "Effective Date") and shall be binding upon the Parties to this lawsuit for two years after the effective Date of this Decree.

## III.     INJUNCTIVE RELIEF

4.     Defendant and its supervisors, managers, officers, directors, and successors (collectively

"Defendant") are enjoined from discriminating against any employee because of disability or age.

5.     Defendant is enjoined from permitting a work environment that includes harassment or other discrimination against employees on the basis of disability or age.

6.     Defendant is enjoined from engaging in any act, policy or practice that has the purpose or effect of discriminating against employees on the basis of disability or age, including:

     a.     Retaliating against any employee for asserting rights under the ADA or engaged in any other activity covered by the ADA, and

     b.     Subjecting any employee to adverse terms and conditions of employment, including termination, because the employee is disabled under the ADA.

7.     Defendant is enjoined from retaliating in any way against any person because such person has opposed any practice made unlawful under either the ADA or ADEA, filed a charge of discrimination under either the ADA or ADEA, testified or participated in any manner in any investigation, proceeding or hearing under either the ADA or ADEA, or asserted any rights or received any benefits under this Decree.

## IV.     MONETARY RELIEF

8.     Defendant shall pay monetary relief in the gross amount of $325,000 to Charging Party William Dykes.

     a.     Defendant will pay $271,384.07 less deductions for applicable federal, state and local income and employment taxes and other lawful deductions, for alleged and disputed lost wages. Defendant will provide Dykes with an IRS Form W-2 for this amount.

     a.     Defendant will pay $53,615.93 for alleged and disputed non-wage compensatory damages. Defendant will provide Dykes with an IRS Form 1099 Misc. for this amount.

9.      Within thirty (30) calendar days of entry of the Consent Decree, payment in full of the amounts in Paragraphs 8(a) and 8(b) shall be made by checks payable to William Dykes. The checks shall be mailed to the address provided by the EEOC. Defendant will issue the applicable United States Internal Revenue Service forms to Dykes no later than February 1, 2025.

10.     Defendant shall mail a photocopy of the checks to the attention of the Regional Attorney Marsha Rucker, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35202, at the time checks are sent to Dykes and email electronic copies to marsha.rucker@eeoc.gov.

11.     The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

12.     The Defendant's EIN will be made known to the EEOC via email to Marsha Rucker if the EEOC is required to provide the report identified in Paragraph 11. The individual to whom the EEOC should mail and email a copy of the form 1098-F, if the EEOC is required to issue one is: Amanda     Ainsworth,    CFO,     3921    Mall    Drive,    Texarkana,    Texas    75501, aainsworth@greggorrcompanies.com.

13.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

14.     The Parties are not acting in reliance on any representations made by the EEOC regarding

whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## V.    ANTI-DISCRIMINATION POLICY

15.    Within sixty (60) days of the entry of this Decree, Defendant will review its existing policies and procedures and develop and implement new and/or revised written policies and procedures (collectively referred to as "Policy"), as may be necessary to ensure equal employment opportunities are afforded to all employees regardless of disability or age.

16.    The Policy must be written to be easily understandable as a lay person and include at a minimum:

    a.    A strong and clear commitment to preventing unlawful discrimination in the workplace based on disability and age;

    b.    A strong and clear statement that discrimination based on age or disability is prohibited discrimination under the ADA and ADEA;

    c.    A clear and complete definition of disparate treatment based on disability and age and retaliation;

    d.    A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

    b.    A clear and strong statement that retaliation for reporting discrimination is prohibited and will not be tolerated;

    e.    The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination or retaliation;

    f.    A clear explanation of the steps a supervisor, manager, or staff member in Human Resources must take when receiving a report of discrimination or retaliation, which must include escalating the complaint to the attention of the Human Resources Director;

g.     A clear statement that EEO compliance will be a component in training for all managerial and supervisory positions;

h.     An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination based on age or disability, and that such investigations will be prompt, fair, and reasonable, and conducted by a neutral investigator trained in receiving, processing, and investigating allegations of such discrimination;

i.     A statement that the investigation must include, at a minimum, the following: (a) documentation of the complaint; (b) a finding of whether discrimination has occurred; (c) interviews of all potential complainants and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; (d) a review of all documents which might shed light on the allegation, where such exist; (e) contemporaneous notes of the investigation and conclusions; and, (f) contemporaneous notes of all corrective and remedial measures where discrimination is found;

j.     A policy that Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. These documents, instead, must be retained in a separate secure location. All disciplinary actions taken against employees for violation of Defendant's Policy will be retained in the violator's personnel file.  In those claims in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged violator's file;

k.     An assurance that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct within its workforce;

l.     A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

m.     A promise of the maximum feasible confidentiality for persons who report unlawful

7

discrimination and/or retaliation, or who participate in an investigation into allegations of discrimination and/or retaliation;

n.      An assurance of non-retaliation for persons who report unlawful discrimination and/or retaliation, and for witnesses who provide testimony and/or assistance in the investigation(s) of such unlawful discrimination and/or retaliation; and,

o.      An assurance that each time Defendant's Policy is updated or revised, Defendant shall disseminate it to all employees with the date of the new Policy.

17.     Within thirty (30) days after completion of the policy review required under Paragraphs 15 and 16 above, Defendant shall post its written EEO policies in a prominent location frequented by employees at Defendant's facilities in Texarkana, Texas (for example, time clocks, bulletin boards, or the break room). The mechanism for reporting discrimination shall be set forth in the aforementioned EEO policies posted and distributed by Defendant in accordance with this paragraph.

18.     Within thirty (30) days after completion of the policy review, Defendant shall provide a copy of the EEO policies to all current employees, and will provide a copy of the new policy to newly hired employees within ten (10) days of hire. Defendant shall make the written EEO policies available in alternative formats as necessary for persons with literacy or language barriers that may prevent them from reading the policies. Within sixty (60) days after completion of the policy review, Defendant shall forward a copy of all EEO policies to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

## VI.    REASONABLE ACCOMMODATION GUIDANCE

19.     Defendant will adopt and maintain a written policy that effectively addresses its reasonable accommodation policies and practices. The policy should include:

a.      An explanation of employees' rights to a reasonable accommodation, including

8

examples of common workplace accommodations.

b.      a strong and clear commitment that Defendant will promptly engage in the interactive process with employees whom it knows or has reason to know are in need of a reasonable accommodation under the ADA;

c.      a detailed description of the ways in which employees may request reasonable accommodations, both formally and informally;

d.      a detailed description of the reasonable accommodation process after a request has been made; and,

e.      identification of specific individuals, including telephone numbers, to whom employees can request a reasonable accommodation under the ADA.

20.     To the extent required, training on the requirements of the Americans with Disabilities Act (ADA) shall be made to all managers involved in the accepting and processing of requests for reasonable accommodation.

21.     The policy must be distributed to all employees in accordance with the Anti-Discrimination Policy provisions in Paragraph 18.  Within forty-five (45) days of the Court's entry of this Decree, Defendant shall forward a copy of the Reasonable Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed.

## VII.    TRAINING

22.     Within ninety (90) days of the effective date of this Agreement, Defendant will provide two hours of training on antidiscrimination laws to all upper management located in the Texarkana, Texas area. "Upper management" means Defendant's CFO, Assistant CFO, HR Director, Legal Director, Director of Service & Parts, New Car Director, and individuals holding any equivalent-level position. The training program will include the following information: (a) a detailed agenda; (b) curriculum vitae for the individual who will conduct and/or develop the training; and (c)

training materials. This additional training shall:

    a.    Include clear and detailed instructions on how to investigate discrimination or retaliation complaints based on age and disability;

    b.    Include clear instructions on how to document investigations of discrimination or retaliation based on age and disability complaints;

    c.    Include clear guidance on how to prevent employees who report, witness, or otherwise participate in an investigation or opposition of discrimination based on age and disability from experiencing retaliation by coworkers or supervisors;

    d.    Explain that any employee who violates Defendant's policies against discrimination based on age and disability will be subject to discipline, up to and including discharge.

23.    Defendant shall provide the training described in Paragraph 22 above annually for the duration of this Consent Decree. In addition, this training will be provided to each employee promoted or hired into an upper management position within forty-five days (45) days of change in status.

24.    Defendant shall ensure that the President provides a statement, either pre-recorded or via video-conferencing, at the training sessions to inform participants of Defendant's Anti-Discrimination Policy, and that Defendant will not tolerate any discrimination in the workplace, and the consequences for discriminating in the workplace.

25.    Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience in labor and employment law to provide the training and to fulfill the training requirement in Paragraph 22.

26.    Defendant shall provide the Commission a signed roster of the list of attendees and their

work locations for all training sessions with each report as set forth in Paragraph 32 below.

## VIII.   NOTICE POSTING

27.     Defendant shall post the Notice attached as Exhibit A in all of its facilities in Texarkana,

Texas, within ten (10) business days of entry of this Decree.

28.     Defendant shall post Exhibit A in conspicuous places upon its premises where notices to

employees are customarily posted and keep Exhibit A posted for the duration of this Decree.

29.     Defendant shall also keep posted in conspicuous places the notice poster required by Title

VII, 42 U.S.C. § 2000e-10.

## XIV.   RECORDKEEPING AND REPORTING

30.     Defendant shall maintain all employment records as required by Section 709(c) of Title

VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14.  In order to demonstrate its compliance with

the provisions of this Decree, Defendant will maintain for the duration of this Decree, the

following: 1) Complaints of age or disability discrimination and records documenting investigation

of such complaints, including witness statements, documents compiled, conclusions and findings,

and any corrective and remedial actions taken; and 2) Complaints of retaliation and records

documenting investigation of such complaints, including witness statements, documents compiled,

conclusions and findings, and any corrective and remedial actions taken. At any time, the

Commission may request the opportunity to review all or a specified portion of these records.

31.     Defendant shall maintain records of any complaints or reports of age or disability

discrimination or retaliation by any employee or applicant. These records shall include the

following:

        a.      the name of the employee or applicant making the complaint or report;

        b.      the date of the report or complaint;

        c.      a detailed description of the allegations made (including a copy of the complaint or

11

report, if made in written form);

d.     the names of any witnesses;

e.     the name and job title of the person(s) if an employee or the name of the person(s) if a customer allegedly participating in the discriminatory or retaliatory conduct; and,

f.     what actions, if any, Defendant took to resolve the complaint or report.

32.     Defendant shall provide a report to the Commission semi-annually during the term of this Decree. Each semi-annual report must contain:

a.     a summary of all complaints of age or disability discrimination or retaliation recorded by Defendant pursuant to Paragraph 31 above or certification that there were no such complaints during the reporting period;

b.     a record of attendance of the training required by Paragraph 22; and,

c.     a certification by Defendant that the Notice Posting required by this Decree remained posted during the time period preceding the report.

33.     The first semi-annual report shall be due six months after the entry of this Decree. Subsequent reports shall be due every six months thereafter during the term of this Decree, except that the final report shall cover a five-month period and shall be submitted thirty (30) days before the expiration of the Decree.

## X.    **DISPUTE RESOLUTION**

34.     In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party 10 days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within

10 days, the complaining party may apply to the Court for appropriate relief. The term of the Decree shall automatically be extended during the pendency of any dispute under this Paragraph.

## XI.   MISCELLANEOUS PROVISIONS

35.    The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendant.

36.    Each of the parties shall bear its own costs, attorney fees, and expenses in this lawsuit and prosecution and defense of the Charge preceding it.

37.    This Decree shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

38.    If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

39.    When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

## XII.   SIGNATURES

40.    The parties agree to the entry of this Decree subject to final approval by the Court.

So ORDERED this _____ day of _____, 2024.

BY THE COURT:

_____

United States District Judge

BY CONSENT:

**FOR PLAINTIFF**

KARLA GILBRIDE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
General Counsel
131 M. Street NE
Washington, D.C.  20507

_____
Marsha Rucker
Regional Attorney

Date: 4/11/2024 _____

**FOR DEFENDANT**

_____
AUTHORIZED REPRESENTATIVE
FOR GREGG ORR AUTO COLLECTION, INC

_____
(Printed name)
Gregg Orr

_____
ATTORNEY FOR DEFENDANT,
GREGG ORR AUTO COLLECTION, INC.

_____
(Printed name)
Louise Tausch

14

## EXHIBIT A

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Gregg Orr Auto Collection, Inc. filed in the United States District Court for the Eastern District of Texas, Civil Action No. 5:23-CV-00097.

Gregg Orr Auto Collection, Inc., reaffirms the company's fundamental policy of providing employment opportunities to all qualified employees and applicants, regardless of race, age, sex, color, religion, national origin, or disability. Gregg Orr seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Gregg Orr respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Gregg Orr reaffirms its commitment to complying with Title VII, in that it is our policy to prohibit all discrimination based on age and disability.

**Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000 or**

**EEOC Dallas District Office**
**207 S. Houston Street, 3d Floor**
**Dallas, TX 75202**

In compliance with federal law, no official at Gregg Orr will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC.

This Notice shall remain posted for the term of two years.

Gregg Orr Auto Collection, Inc.


By:_____          _____

                                                                            Date

## DO NOT REMOVE THIS NOTICE!