IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO.  5:23-CV-00097-RWS |
| v. | § § | |
| GREGG ORR AUTO COLLECTION, INC., | § § § | |
| Defendant. | § | |

## **ORDER**

Before the Court is the parties' Joint Motion for Entry of Consent Decree. Docket No. 29. The Consent Decree has been executed by all parties in this action. *See* Docket No. 29-1. Having reviewed the parties' joint motion (Docket No. 29) and the Consent Decree (Docket No. 29-1), the Court finds the motion should be **GRANTED**, and the Consent Decree should be **APPROVED**.

Once entered into judgment by a court, a consent decree "has the same force and effect as any other judgment until set aside in the manner provided by law . . . ." *United States v. Kellum*, 523 F.2d 1284, 1287 (5th Cir. 1975); *see also Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 n.2 (5th Cir. 2006) ("We have always held that a consent decree approved by judicial order is a 'judgment'. . ."). Courts generally accommodate "voluntary resolution of litigation through settlement" and accord proposed consent decrees "a strong presumption of. . . validity." *Workday, Inc. v. Khan*, No. 4:17-CV-299-ALM-KPJ, 2017 WL 3017514, at *2 (E.D. Tex. June 26, 2017), *report and recommendation adopted*, 2017 WL 2986335 (E.D. Tex. July 13, 2017) (quoting *United States v. Wallace*, 893 F. Supp. 627, 630–31 (N.D. Tex. 1995), and then citing *United States*

v. *Armour & Co.*, 402 U.S. 673, 681-82 (1971), *United States v. City of Miami (Miami II)*, 664 F.2d 435, 460 (5th Cir. 1981), and *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984)).

When reviewing a consent decree a court should carefully scrutinize the decree to "carefully [] ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence." *Miami II*, 664 F.2d at 441; *see also United States v. City of Jackson*, 519 F.2d 1147, 1151 (5th Cir. 1975) (holding that a court need not "inquire into the precise legal rights of the respective party" but instead must "assure[] itself that there has been valid consent by the concerned parties and that the terms of the decree are not unlawful, unreasonable, or inequitable"). "Notwithstanding the deference due such proposed decrees, the Court may not act as a 'rubber stamp' in this context." *S.E.C. v. Ameratex Energy, Inc.*, No. 418-CV-00129-ALM-KPJ, 2019 WL 3713748, at *2 (E.D. Tex. July 17, 2019), *report and recommendation adopted*, 2019 WL 3680316 (E.D. Tex. Aug. 6, 2019) *(*quoting *Wallace*, 893 F. Supp. at 632).

Both parties believe the Consent Decree is "fair and equitable," "is not in derogation of the rights or privileges of any person," and is "in the best interest of the parties and those for whom the EEOC seeks relief." Docket No. 29 at 1. Having reviewed the proposed consent decree, the Court finds there has been valid consent by all parties and the terms of the decree are not unlawful, unreasonable, or inequitable. *Jackson*, 519 F.2d at 1151. The Court has subject matter jurisdiction over this action, as well as personal jurisdiction over the Defendant. Accordingly, the Court finds the Consent Decree should be **APPROVED**.[1]

With the entry of the consent decree, the Clerk of Court is directed to **CLOSE** the case.

---

[1] The Court made a single, non-substantive change to the consent decree by removing "Type text he," which was overlaying text on page 6. *See* Docket No. 29-1 at 6 ¶ 15.

**So ORDERED and SIGNED this 15th day of April, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE